August 16, 2006

                        UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF LOUISIANA


JOSEPH R. MCMAHON, III, APLC              CIVIL ACTION

VERSUS                                    NO: 06-3022

ALLSTATE INSURANCE CO.                    SECTION: "A" (2)


                              **ORDER AND REASONS**

Before the Court are a **Motion for Remand (Rec. Doc. 3)** and a **Motion for Sanctions (Rec. Doc. 4)** filed by plaintiff Joseph R. McMahon, III, APLC.  Defendant Allstate Insurance Co opposes both motions.  The motions, set for hearing on August 9, 2006, are before the Court on the briefs without oral argument.  For the reasons that follow, the motion to remand is GRANTED and the motion for sanctions is DENIED.

I.   **BACKGROUND**

Plaintiff, Joseph R. McMahon, III, APLC ("Plaintiff"), filed this lawsuit against Allstate Insurance Co. ("Allstate") in the

First Parish Court for the Parish of Jefferson.  Plaintiff alleges that Hurricane Katrina damaged his building thereby triggering business interruption coverage under the policy issued by Allstate. Plaintiff alleges that to date Allstate has made only a partial payment under the policy.  Plaintiff is suing for additional proceeds under the policy and also seeks to recover penalties under La. R.S. 22:658 and La. R.S. 22:1220.

Allstate removed the case to this Court pursuant to 28 U.S.C. § 1332(a)(1) (diversity jurisdiction) and § 1441(a).  Plaintiff now moves to remand and requests sanctions for the improper removal.

**II. DISCUSSION**

Plaintiff contends that the jurisdictional limit for cases filed in First Parish Court is $20,000.  Plaintiff contends that filing suit in such a court is a judicial admission that the damages sought do not exceed $20,000 and that remand is therefore appropriate.

In opposition, Allstate points out that the jurisdictional limit of First Parish Court is exclusive of any award for attorney's fees and costs.  La. Code Civ. P. art. 4841(B). Allstate also points out that under Louisiana law a plaintiff does not forego a recovery greater than $20,000 simply by filing suit in First Parish Court.  Rather, the court simply transfers the case to a court of proper jurisdiction when it is apparent that the amount

2

in controversy exceeds $20,000.  Id. § 4841(C).

Allstate argues that it removed the case in good faith because its policy has no limit on business interruption coverage and Plaintiff makes no attempt in the petition to limit the period for which he is claiming losses.  At a rate of $1,753 per day, the rate that Allstate has previously used to compensate Plaintiff, an additional three months of similar losses would alone total $100,000.  Moreover, Plaintiff is seeking penalties and attorney's fees and "all general and equitable relief" which must also be considered when evaluating the amount in controversy.  Plaintiff has not filed a stipulation limiting his recovery.  Therefore, according to Allstate, Plaintiff cannot establish with legal certainty that his claim is less than $75,000.

Any civil action brought in a state court of which the courts of the United States have original jurisdiction may be removed by the defendants to the district court of the United States for the district embracing the place where such action is pending.  28 U.S.C.A. § 1441(a).  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C.A. § 1332(a)(1).  The law has long been settled that the burden of establishing subject matter jurisdiction in federal court lies with

3

the party seeking to invoke it.  St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1250 (5th Cir. 1998) (citing Gaitor v. Peninsular & Occidental Steamship Co., 287 F.2d 252, 253-54 (5th Cir. 1961)).

When a plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement is met. Felton v. Greyhound Lines, Inc., 324 F.3d 771, 773 (5th Cir. 2003) (citing De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)). Defendant may meet that burden by either establishing that it is "facially apparent" that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition to show that the amount in controversy is met. Id. (citing Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir.1999)).  If defendant meets its burden then plaintiff can obtain remand only by establishing to a "legal certainty" that the claim is really one for less than the jurisdictional amount. See DeAguillar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).

In the instant case it is not facially apparent from Plaintiff's petition that the amount in controversy requirement is satisfied.  The petition merely alleges that additional business interruption payments are due as well as penalties.  A claim for

4

penalties under Louisiana's Insurance Code and a high policy limit do not ipso facto render a case removable to federal court. From the face of Plaintiff's petition it is simply impossible to determine even a ball park number for the amount in controversy.

Moreover, Allstate can point to nothing outside the face of the petition to demonstrate that the amount in controversy exceeds $75,000. Apparently Plaintiff has made no specific monetary demand to date and Allstate has no discovery suggestive of the time period for which Plaintiff seeks additional recovery. The three month example cited in Allstate's memorandum appears to be a speculative number based on nothing specific to this case.

Allstate has failed to meet its burden of establishing that this case was properly removed. It is therefore irrelevant whether Plaintiff can establish to a legal certainty that his claim does not exceed $75,000. The law protects a defendant's right to remove a case when a complaint is vague by starting the thirty day removal period upon receipt of "other paper" that allows the defendant to ascertain that the case is removable.[1]  28 U.S.C. § 1446(b).  This

---

[1] Section 1446 provides in relevant part:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in

5

lawsuit was filed in state court on May 2, 2006, so Allstate would have had ample time to determine through interrogatories the true scope of Plaintiff's claim prior to removal and prior to the one year removal window provided by § 1446(b). Had Plaintiff refused to cooperate in order to avoid removal the law further protects the removing defendant by recognizing equitable exceptions to the one year removal window. See Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003). Allstate opted to immediately remove this case and now asks the Court to engage in speculation as to the amount in controversy. The law is clear that any doubts regarding removal inure to the benefit of the plaintiff--not to the benefit of the removing defendant.

Accordingly;

**IT IS ORDERED** that the **Motion for Remand (Rec. Doc. 3)** filed by Plaintiff should be and is hereby **GRANTED.** This matter is

---

> court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C.A. § 1446(b).

**REMANDED** to the First Parish Court for the Parish of Jefferson pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction;

**IT IS FURTHER ORDERED** that the **Motion for Sanctions (Rec. Doc. 4)** filed by Plaintiff should be and is hereby **DENIED**.

\* \* \* \* \* \* \* \* \*

*[Signature: Jay C. Zainey]*